# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br>JOSE ANTONIO DIAZ-HIGUERA,<br><br>                Defendant. | CASE NO. 11cr1704WQH<br>CASE NO. 12cv1338WQH<br><br>ORDER |
|---|---|

HAYES, Judge:

The matter before the Court is the Motion to vacate, set aside or correct sentence by an inmate in federal custody under 28 U.S.C. § 2255. (ECF No. 25). Defendant moves the court to reduce his sentence, or to vacate the sentence and order supervised release, on the grounds that 1) his counsel failed to advise him of the possibility of a two point downward reduction for accepting a stipulated administrative deportation, and 2) his counsel failed to argue that deportation should have been ordered as a condition of supervised release. *Id.*

### APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

The right to attack a sentence collaterally is statutory. *United States v. Abarca*, 985 F.2d

1012, 1014 (9th Cir. 1993). A knowing and voluntary waiver of a statutory right is enforceable. *Id.* A prisoner may not collaterally attack his sentence via § 2255 motion if the prisoner expressly waived the right to do so. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). A prisoner who has waived the right to file a § 2255 motion pursuant to a plea agreement may still file such a motion only if the petition raises a claim of ineffective assistance of counsel in connection with the negotiation of the waiver provision in the agreement. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005).

**RULING OF THE COURT**

In the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable." (ECF No. 14 at 10).

This language is clear and unambiguous. The plea agreement encompasses a waiver of the right to collaterally attack the conviction and the sentence. The only recognized exception to such a provision is a petition claiming ineffective assistance of counsel with respect to the negotiation of the plea agreement or the waiver specifically. *See Lampert*, 422 F.3d at 871. Petitioner's claims for relief relate to his counsel's conduct during the sentencing portion of the underlying case, not the negotiation of the plea agreement. Therefore, Petitioner's right to file a § 2255 motion with respect to these claims for relief was waived in the plea agreement.

IT IS HEREBY ORDERED that the Motion to vacate, set aside or correct sentence by an inmate in federal custody under 28 U.S.C. § 2255 (ECF No. 25) is denied.

DATED: July 10, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge